UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Strickland, # 271958, <br> *aka James S. Strickland* <br>       Plaintiff, <br> <br> vs. <br> <br> Dr. Alewine; Dr. Fitzjeral; Dr. Woods; SCDC; and Dr. Babb, <br> <br>       Defendants. <br> _____ | C/A No. 4:08-2332-GRA-TER <br> <br> <br> REPORT AND <br> RECOMMENDATION <br> FOR PARTIAL DISMISSAL |

The plaintiff, James Strickland (Plaintiff), proceeding *pro se*, brings this prison conditions action pursuant to 42 U.S.C. § 1983.[1] Plaintiff was an inmate at Lieber Correctional Institution at the time of the incidents in the complaint, but has since been transferred to Lee Correctional Institution, both facilities of the South Carolina Department of Corrections (SCDC). Plaintiff files this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Defendant SCDC is immune from suit and Plaintiff's motion for a preliminary injunction is moot.

### *PRO SE* and *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

70 (4th Cir. 1983).

The complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## DISCUSSION

**SCDC Immunity**

The complaint names SCDC as a defendant in this case and requests monetary damages. The Defendant SCDC is immune from suit in this § 1983 action. The Eleventh Amendment to the United States Constitution provides immunity from suit to the State of South Carolina and its

integral parts, such the agency Defendant SCDC. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which pre-dates the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 728-29(1999). Although the Eleventh Amendment expressly forbids suits in federal court by citizens of other States against a State, the Amendment also bars suits against a State filed by it own citizens. *See Hans v. Louisiana*, 134 U.S. 1 (1890).

In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court discussed the application of the Eleventh Amendment in § 1983 actions, stating

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Id*. at 66. The SCDC is an agency of the State of South Carolina. The court found that state agencies, divisions, departments, and officials are entitled to Eleventh Amendment immunity. *Id*. at 70. Although a State may consent to suit in a federal district court, which serves to waive sovereign immunity, *Lapides v. Board of Regents*, 535 U.S. 613 (2002), the State of South Carolina has specifically denied consent to suit in federal district court. *See* South Carolina Tort Claims Act, § 15-78-20(e) South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). The

Eleventh Amendment bars Plaintiff from bringing this § 1983 action against the Defendant SCDC in this Court. The Defendant SCDC should be dismissed as a party in this case.

**Motion for Preliminary Injunction**

Plaintiff filed a motion for preliminary injunction seeking "this Court order defendants their successors agents employed and all persons acting in concert with them to provide plaintiff and other inmates in the administrion [sic] segregation unit with at least one full hour of out-of-cell exercise and other recreational opportunities." Motion at 3 [docket # 8]. Plaintiff has been transferred to Lee Correctional Institution, so the request to receive out-of-cell recreation at Lieber Correctional Institution (Leiber) is now moot. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Plaintiff no longer has a legally cognizable interest in out-of-cell recreation at Leiber, thus his motion for preliminary injunction should be dismissed.

### RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the Defendant SCDC as a party in this case without issuance and service of process. Service of process has been ordered for the remaining Defendants.

It is also recommended that the District Judge find the Plaintiff's motion for preliminary injunction moot.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

August 25, 2008
Florence, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).