UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James S. Strickland # 271958, | ) | |
| | ) | C/A No.: 4:08-cv-02332-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Doctor Alewine, Doctor Fitzjeral, and Doctor Babb, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion filed on October 12, 2010. The Motion appears to be titled "Motion is to ask to proceed in this law[] suit[]."[1]

The Motion contains allegations that Plaintiff's mail is being opened; that he is being "made to us[e] state soap[,] shampoo[,] and toothpaste," which is destroying his teeth and making him itch; that "people have tr[ie]d to kill" him; and that "they" have made him sleep "in a nasty floor and [have not given him any] hot food for 60 days." The Motion also asks this Court to appoint Plaintiff an attorney to assist him in challenging his underlying conviction due to ineffective assistance of counsel. Attached to the Motion are the following documents: a letter from

---

[1] The Motion lists case number 4:08-cv-2332, but its heading has removed Doctor Fitzjeral and added Nurse Cook as a defendant. It is unclear whether this is merely a mistake by Plaintiff or whether Plaintiff believes he is initiating a new case with this Motion. This Order addresses only case number 4:08-cv-02332-GRA, James Strickland v. Doctors Alewine, Fitzjeral, and Babb.

Plaintiff to Barbara Scott requesting a copy of Plaintiff's medical records, dated April 10, 2006 (ECF No. 244-1, p. 1); several documents that appear to be related to the underlying case against Doctor Alewine, et al. but that are labeled 4:08-cv-2330 (ECF No. 244-1, pp. 2–6 and 9–15); a document related to Plaintiff's claim of ineffective assistance of counsel (ECF No. 244-1, p. 7); and a copy of a letter from Doctor Raymond Sweet regarding Plaintiff (ECF No. 244-1, p. 8).

Petitioner proceeds *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

Plaintiff filed this Motion under case number 4:08-cv-2332-GRA, which is a 42 U.S.C. § 1983 case involving allegations of medical indifference. However, with exception to some of the attachments, Plaintiff's Motion does not relate to this case at all. In so far as Plaintiff's Motion is requesting that this Court reconsider its Order adopting the magistrate's recommendation and granting Defendants' Motion for Summary Judgment (Order, Mar. 4, 2010, ECF No. 235), Plaintiff's Motion is

untimely and is therefore DENIED. *See* Fed. R. Civ. P. 59(e) (requiring a motion for reconsideration to be filed within 28 days of entry of judgment).[2]

Some portions of Plaintiff's Motion appear to address another case he has before this Court. Plaintiff has filed a 28 U.S.C. § 2254 case with this Court challenging his underlying conviction based, in part, on allegations of ineffective assistance of counsel, case number 4:07-cv-4103-GRA. This Court recently denied Plaintiff's second Motion to Reconsider this Court's Order of February 25, 2009, which adopted the magistrate's Report and Recommendation granting summary judgment for Respondent and dismissing Petitioner's § 2254 petition. (Order, Oct. 12, 2010, ECF No. 123 for Case Number 4:07-cv-04103-GRA.) In so far as this Motion is requesting that this Court reconsider, for the third time, its Order in case number 4:07-cv-4103-GRA, this Court refers Plaintiff to its Order dated October 12, 2010, ECF Number 123, and directs Plaintiff to file any motions related to that case under the appropriate case number.[3]

---

[2] In the alternative, the Court notes that if Petitioner's Motion is a Rule 60(b) motion, it, also, is untimely. *See* Fed. R. Civ. P. 60(c)(1); *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535 (4th Cir. 1991) (affirming district court decision that three month delay between judgment and Rule 60(b) motion was not reasonable). Moreover, the Court is unable to discern any grounds for relief in Petitioner's Motion that fall within the purview of Rule 60(b). The Court would therefore deny the Motion.

[3] However, Defendant is cautioned that any further filings rehashing the issues already addressed in his first two motions to reconsider could result in sanctions. (*See* Motions to Reconsider, ECF Nos. 100 and 120, and Orders denying Motions to Reconsider, ECF Nos. 105 and 123.)

In so far as Plaintiff is seeking permission from this Court to file a 42 U.S.C. § 1983 case related to his conditions of confinement claims, this Court directs the Clerk of Court to send Plaintiff the appropriate § 1983 forms so that Plaintiff may initiate a new case to address these allegations. The Court also notes that Plaintiff does not need permission from any Court in order to file a complaint alleging conditions of confinement claims.[4]

Finally, in so far as Plaintiff's Motion is seeking an Order from this Court to appoint counsel, the Motion is DENIED. The Court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(e)(1) (2006); *see Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). However, the appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). After a review of the record in *this* case, the Court concludes that there are no exceptional circumstances which justify the appointment of counsel.

---

[4] However, the Court does refer Plaintiff to 42 U.S.C. § 1997e(a), which states that "[n]o action shall be brought by prisoner confinement in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust is an affirmative defense that should be raised by the defendant; however, if the failure to exhaust is apparent from the face of the complaint, the district court can inquire on its own into whether the inmate exhausted all administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

IT IS THEREFORE ORDERED THAT Plaintiff's Motion is DENIED and that the Clerk of Court send Plaintiff the appropriate 42 U.S.C. §1983 forms.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

November  9 , 2010
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**